## No. 9130.

### R. T. SCOTT, ADMINISTRATOR VS. T. WARREN BRISCOE ET AL.

Where an heir, who is administrator, joins with his co-heirs in mortgaging the property of the ancestor, this operates an unconditional acceptance of the succession. Whatever may be the rights of creditors, such an heir cannot thereafter, on his own motion, resume the capacity of administrator and oppose the title of the mortgage creditors, derived from a sale, under foreclosure, of the mortgage against the heirs. He is estopped.

APPEAL from the Eighth District Court, Parish of Madison. *Delony*, J.

*J. G. Hawkes* for Plaintiff and Appellant.

*J. B. Stone* for Defendant and Appellee.

The opinion of the Court was delivered by

FENNER, J. Upon the death of Robert M. Scott, his son, the present plaintiff, qualified as administrator in March, 1873.

In June, 1873, the plaintiff, together with all the other heirs of R. M. Scott, borrowed from the defendant, T. Warren Briscoe, who was then a minor and under the tutorship of the very plaintiff, $5000, and secured the same by mortgage upon the Scotland plantation belonging to R. M. Scott's succession.

Subsequently, Briscoe brought suit and recovered judgment against the heirs with recognition of the mortgage, under which the Scotland plantation was seized and sold and bought in by the present defendants

Now, R. T. Scott, in the alleged capacity of administrator of R. M. Scott, brings this suit to annul the said sale upon the grounds, amongst others, that the property belonged to the succession and that the proceedings, under which the sale was made, were had without making the administrator a party.

The defendants interposed the exception of no cause of action and the plea of estoppel, which were sustained by the judge *a quo*.

The act of the heirs in granting the mortgage was an unequivocal and unconditional acceptance of the succession, the validity of which cannot be disputed by them.   C. C. arts. 988, 1009.

On such acceptance, they had the right to take possession of the property, subject to the provisions of art. 1012.   C. C. arts. 874, 1671.

There were no "movable legacies," provided for in art. 1671; nor does it appear that the property of the succession was "in suit," or that there were "any claims pending thereon or in court," or that any creditor has ever called on them to give bond, as indicated in art. 1012, and creditors have not demanded a separation of patrimony under arts. 1444 to 1456.

No obstacle, therefore, existed to the administrator's giving and to their receiving possession of the property.

The act of the person who was administrator, in joining in the act of mortgage, was a waiver of all objections on his part and an acknowledgment of the title and possession of the heirs.   He might have demanded, but did not demand judicial order before delivering possession. He was himself an heir and was himself one of those who accepted. He could not hold both, as heir and administrator.   Duplessis vs. White, 6 A. 514; Sanford vs. Toadvine, 15 A. 170; Fowler vs. Suc. Gordon, 24 A. 270; Wells Admr. vs. Wells, 30 A. 937; Suc. of Frazier, 35 A. 381.

The effect of this acceptance and possession was to terminate his administration and to transfer the claims of creditors over against the heirs.

He can no longer claim to represent the creditors.   They must now act in their own behalf.   Their complaints against these proceedings will be considered when they are urged by them.

The act of Robt. T. Scott, in assuming still to be administrator, and, upon his own motion, bringing this suit as such, is in direct contradiction of his own acceptance of the succession and of his acknowledgment of the title and possession of his co-heirs by the joint act of mortgage; and he is estopped from setting up such contradictory pretensions. The principle, quoted from Bigelow on estoppel, p. 274, that one suing

as administrator is not estopped by his acts as an individual, does not apply.

The plaintiff is estopped from claiming to *be* administrator.

We wish to be very guarded in resting this opinion on the facts of this particular case, without determining that in all cases and to the prejudice of valid rights, an heir, qualified as administrator, can, by extra-judicial acts of unconditional heirship, terminate the succession.

Judgment affirmed.