(38 South. 150.)

No. 15,366.

BARTON et al. v. BURBANK et al.

(Feb. 27, 1905.)

ADMINISTRATION—CLOSING SUCCESSION—MORTGAGE—FORECLOSURE—PARTIES.

1. Where the administrator, who is also one of the heirs, delivers possession of all the property of the succession to the widow and heirs, with the consent of a particular creditor, as to him the administration is terminated and the succession closed.

2. Where, after the lapse of eight years, such creditor seeks to foreclose a mortgage granted by the decedent on the property so delivered to the widow and heirs, they are necessary parties, and should be given notice of the proceedings. Notice to the former administrator alone will not suffice in such a case.

(Syllabus by the Court.)

Appeal from Twenty-Seventh Judicial District Court, Parish of St. James; Paul Léche, Judge.

Action by E. H. Barton and others against E. W. Burbank and others. Judgment for defendants, and plaintiffs appeal. Reversed.

Pugh & Hemil, for appellants. J. Zach. Spearing, for appellees.

LAND, J. This is an injunction suit against the foreclosure of a mortgage by executory process sued out by E. W. Burbank against the succession of E. D. Barton, represented by W. L. Barton, administrator. Plaintiffs in injunction are the surviving

widow and heirs of E. D. Barton. The injunction was dissolved, and the suit dismissed, on an exception of no cause of action, which necessarily admitted as true all the facts well pleaded in the petition. The ground for the injunction is that the succession was closed and the administrator discharged in the year 1896, and that therefore he was without power to stand in judgment or to represent the owners of the property. The contention of defendants, which was sustained in the court below, is that the facts alleged in the petition are insufficient in law to show that the administrator was discharged and the succession closed as alleged. It is virtually conceded that the allegations of the petition do not disclose a discharge of the administrator by any formal judgment of court; but plaintiffs contend that the facts alleged show that the succession was closed, and thereby the administrator become functus officio in the year 1896.

The petition alleges the death of E. D. Barton in 1895, and that shortly afterwards Walter I. Barton was appointed administrator; that "in 1896 the widow and heirs, with the consent of the court, so far as the minor heirs of the said succession was concerned, without opposition, took possession of all the property left by said deceased, E. D. Barton, and since then said owners have been and are now in the quiet, open, undisturbed possession of said property"; that ever since 1896 there has been no administration of said succession, "but that the heirs and widow have been in possession and carried on said property as joint owners thereof"; that the administrator was discharged and released "when the property of the succession was turned over and delivered to the widow and heirs with the consent of the said Burbank."

The allegations of the petition do not show that there were any other creditors.

Whatever may have been the legal rights of Burbank, as a creditor of the succession,

114 LA.—8

to have the administration continued, and to oppose the delivery of possession to the widow in community and the heirs, he was at perfect liberty to waive such rights.

We can see no legal obstacle to the delivery of possession by the administrator, who also was an heir, to the widow in community and the heirs, with the consent of the creditor. The only obstacle to the delivery of such possession at any time is the existence of legacies and the claims of creditors; otherwise, there can be no necessity for an administration or for its prolongation. Where they consent to the delivery of possession, there is no legal obstacle in the way of the heirs receiving possession of the property, and such voluntary delivery by the administrator terminates his administration, and transfers the claims of creditors over against the heirs. Scott v. Briscoe, 36 La. Ann. 278.

In that case the delivery of possession was made without opposition on the part of creditors. While such a delivery may not affect the rights of creditors, as a general proposition of law, it is certainly as binding on the creditor who gives his consent as it is on the administrator and the heirs.

While we cannot follow counsel in their discussion of documents found in the record, but forming no part of the petition demurred to, it may be stated that Burbank's petition for foreclosure shows that on March 9, 1896, he accepted from the widow and heirs of the deceased a note for $12,000, secured by mortgage on the same premises, and in 1897 another mortgage for $18,000, and in 1898 another mortgage for $22,000; and he alleges that he is entitled to be paid a balance of $38,000, with interest and attorney fees due on said notes, "out of the proceeds of the sale of said property," and he reserves the right to be paid the full amount due to him under said notes. It would therefore seem that, while the decree of foreclosure purports to order the sale of the plantation to pay the comparatively small sum of $2,134.-

15 due on the mortgage given by the decedent, the further purpose is to collect a large amount of mortgage indebtedness alleged to be due by the widow and heirs as owners of the property, without making them parties to the proceeding.

It is therefore ordered that the judgment appealed from be reversed, the exception of no cause of action be overruled, and this cause remanded for further proceedings according to law.